U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

AUG 2 5 2016

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA     §
                             §
v.                           §     Criminal Action No. 3:15-CR-443-L (01)
                             §
MICHAEL ANTHONY FENNELL      §

## MEMORANDUM OPINION AND ORDER

The court issues this opinion to address the objections and sentencing issues in this case raised by Defendant Michael Anthony Fennell ("Defendant" or "Fennell") and the Government that pertain to the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"), in which the Court struck as unconstitutionally vague the "residual clause" in § 924(e)(2)(B)(ii).[1] in the Armed Career Criminal Act ("ACCA").[2] This opinion addresses whether the Texas offense of robbery under § 29.02 of the Texas Penal Code qualifies as: (1) a "crime of violence" under U.S.S.G. § 4B1.2; and (2) a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i). After hearing oral argument and considering parties' submissions in which these issues were briefed extensively, the Presentence Investigation Report ("PSR"), the Addendum to the PSR ("Addendum"), and applicable law, the court concludes that the Texas offense of robbery is a "crime of violence" under § 4B1.2 of the Sentencing Guidelines ("Guidelines") because it meets the generic, contemporary meaning of "robbery," which is one of the enumerated offenses listed in the Commentary to § 4B1.2 but does not qualify as a "violent felony" because it does not satisfy §

---

[1] The language "otherwise involves conduct that presents a serious potential risk of physical injury to another" is the "residual clause" of § 924(e) that was held to be unconstitutionally vague by *Johnson*.

[2] Specifically, the Court in *Johnson* held: "We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in [*James v. United States*, 550 U.S. 192 (2007)] and [*Sykes v. United States*, 564 U.S. 1 (2011)] are overruled. Today's decision does not call into question [the] application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563.

924(e)(2)(B)(i)'s "violent force" requirement, as the bodily injury requirement for robbery does not necessarily require use of force and is not necessary to support a conviction for robbery under Texas law.

I.      **Factual and Procedural Background**

On June 7, 2015, officers of the Mesquite Police Department were called to a residence after Fennell's neighbor reported multiple gunshots being fired and, immediately prior, Fennell had knocked on the neighbor's door and made threats. Fennell's wife told the police officers that her husband was upset with the neighbor and had used her gun to fire off shots before running back in their house and hiding the gun in a closet. After Fennell's wife consented to the police officers searching the house for the gun, they located the gun, a .380 caliber Cobra FS380, in a bedroom closet and arrested Fennell for state charges related to the offense in this case.[3] Prior to his arrest for the offense in this case, Fennell was convicted of three felonies: (1) July 1993 robbery in violation of Texas Penal Code 29.02 in Case No. 29,984; (2) August 1989 aggravated robbery in violation of Texas Penal Code 29.03 in Case No. F-8972826; and (3) May 1989 robbery in violation of Texas Penal Code 29.02 in Case No. 8983076. On October 22, 2105, Fennell was transferred to the custody of the United States Marshals Service and has remained in federal custody since that time. On December 22, 2015, Fennell pleaded guilty without a plea agreement to Count 1 of the Indictment for Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). On April 5, 2016, the court accepted his plea and entered a sentencing order.

Pursuant to the court's sentencing order, the United States Probation Office ("Probation") filed a PSR (Doc. 21) on February 26, 2016, which was accepted by the Government (Doc. 23) and

---

[3] Fennell was arrested for possession of a firearm by a felon; assault to cause bodily injury; and discharge of a firearm in violation of the Texas Penal Code.

objected to by Defendant (Doc. 24). In the PSR, Probation assigned Defendant a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4) because, according to the PSR, Fennell's July 1993 robbery conviction in Case No. 29,984 received criminal history points under Chapter Four of the Guidelines and qualified as a crime of violence under the Guidelines. Probation also determined that Fennell had at least three prior convictions (the 1989 and 1993 robbery and aggravated robbery convictions); that these three convictions qualified as violent felonies; and that Fennell was, therefore, an armed career criminal. Based on these determinations, Probation applied an enhancement under U.S.S.G. § 4B1.4(a) and 18 U.S.C. § 924(e).[4]

In his objections to the PSR, Defendant contends that prior to *Johnson*, the Texas offense of robbery qualified as a violent felony under the residual clause of the ACCA. Def.'s Br. 2 (citing *United States v. Davis*, 487 F.3d 282, 285-87 (5th Cir. 2007)). Defendant, however, asserts that the Fifth Circuit did not address in *Davis* and has not addressed in any other case whether the Texas offense of robbery qualifies as a violent felony absent the residual clause. Defendant contends that, without the residual clause in § 924(e), his prior convictions for simple robbery under § 29.02 of the Texas Penal Code no longer qualify as violent felonies because robbery is not an enumerated offense and, like assault, does not include "force" as an element. Fennell cites *United States v. Villegas-Hernandez*, 468 F.3d 874 (5th Cir. 2006), and other cases to support his assertion that robbery does not include the element of "force" required by § 924(e)(2)(B)(i) of the ACCA. Defendant, therefore, asserts that the PSR's inclusion of an enhancement under the ACCA is error.

Based on the same reasoning, Defendant contends that the enhanced base offense level assigned by Probation does not apply because the ACCA definition of "violent felony" is nearly

---

[4] This enhancement increased Fennell's criminal history score from III to IV and an increased offense level of 33.

identical to the Guideline definition of "crime of violence," and the Government has conceded that the holding in *Johnson* applies with equal force to the Guideline definition of "crime of violence." Defendant acknowledges that robbery is included as an enumerated offense in the commentary to § 4B1.2 as a "crime of violence, but contends that, to the extent the commentary contains language that is identical to the residual clause struck down by *Johnson*, it no longer carries any weight. Defendant similarly asserts that the enumerated offenses in the commentary to § 4B1.2 no longer carry any weight after *Johnson*. According to Defendant, the commentary's inclusion of enumerated offenses under § 4B1.2 as "crimes of violence," including robbery, fails under *Johnson* because "it is inconsistent with the remaining text of the Guideline, [which is] designed to illuminate a now-excised portion of that Guideline." Def.'s Br. 7.

In its written response to Fennell's objections (Doc. 28), the Government contends that the Texas offense of simple robbery under § 29.02 satisfies the "elements" or "force" clauses under the ACCA and § 4B1.2 because it requires as an element the use of "physical force" as that term has been defined by the Supreme Court, that is, "violent force—that is, force capable of causing physical pain or injury to another person." Government's Br. 11 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*")). The Government contends that *Villegas-Hernandez* and the other cases cited by Defendant are distinguishable because the Texas offenses at issue in these cases (assault) do not require the use of imminent force, and the court in *Villegas-Hernandez* recognized that assault can be committed by causing bodily injury without the use of destructive or violent force, including ways involving no use of physical force, such as poisoning. Government's Br. 8. The Government contends that, unlike assault, robbery "requires [imminent] bodily injury or the threat of imminent bodily injury or death" as a element. *Id.* Based on the reasoning in *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-81 (5th Cir. 2006), the Government contends that the

Texas offense of robbery is the equivalent of generic robbery and involves the use of force because, under the Model Penal Code, generic robbery involves force or the threat of force such that any taking from a person involves the use of force.

On April 6, 2016, Probation filed its Addendum (Doc. 27) to address Defendant's objections to the PSR and indicated that no changes would be made to the PSR unless otherwise directed by the court. Probation supported its determination that Fennell's July 1993 robbery in Case No. 29,984 qualifies as a "crime of violence" based on the commentary to U.S.S.G. § 4B1.2, which states that "crime of violence" includes robbery. Probation reasoned that *Johnson* and *Davis* are not dispositive of whether Defendant's three prior robbery convictions qualify as violent felonies because, although the residual clause of the ACCA was struck by *Johnso*n, neither *Johnson* nor *Davis* addressed whether the Texas offense of robbery qualifies as a violent felony under the remaining definition in § 924(e)(2)(B)(i) of the statute. Probation also disagreed with Defendant's contention that *Johnson*'s holding extended and applied to § 4B1.2 and § 2K2.1(a)(4) of the Guidelines.

On April 17, 2016, the Government filed a written response to Defendant's objection to the PSR (Doc. 28). On May 9, 2016, Defendant filed a Sentencing Memorandum and Motion for Downward Variance (Doc. 32) in which he incorporated all of his objections to the PSR. On May 23, 2016, the court conducted the first sentencing hearing in this case. After hearing extensive arguments from the parties, the court ordered the parties to file supplemental briefs and continued Defendant's sentencing to August 25, 2016. As directed, the parties filed supplemental briefs on July 22, 2016. Defendant also notified the court on July 28, 2016, of the Fifth Circuit's recent opinion in *United States v. Jeffries*, 2016 WL 3895247, at *1 (5th Cir. July 18, 2016, revised July 28, 2016), which concluded" "[O]ur court has ruled that the Supreme Court has not applied *Johnson* . . . to the career offender sentencing guidelines definition in [U.S.S.G.] § 4B1.2(a)(2)."

## II.   Analysis

### A.   Crime of Violence

U.S.S.G. § 2K2.1 applies to violations of 18 U.S.C. § 922(g)(1) & 924(e), to which Defendant pleaded guilty.   U.S.S.G. § 2K2.1(a)(4) provides a base offense level of 20 if the defendant committed an offense after sustaining one felony conviction for either a "crime of violence" or a controlled substance offense.   Defendant has a prior felony conviction for robbery in Case No. 29,984, which received criminal history points.

The Fifth Circuit has previously held that a conviction under § 29.02 of the Texas Penal Code meets the generic, contemporary meaning of "robbery,"[5] which is one of the enumerated offenses listed in the Commentary to § 4B1.2.   This comment states that "crime of violence" includes robbery. U.S.S.G. § 4B1.2, cmt. 1.   Defendant contends that the Supreme Court's holding in *Johnson* applies to the Guidelines and this commentary, including the offenses enumerated in the commentary to § 4B1.2.   There has been much disagreement among courts as to whether *Johnson* applies to language in the Guidelines that is similar to the ACCA's residual clause, which was struck as unconstitutionally vague.   To date, however, no Supreme Court or published Fifth Circuit case has specifically held that *Johnson* applies to U.S.S.G. § 4B1.2, the commentary to this section, or any other Guideline provision. *See United States v. Gonzalez-Longoria*, 15-40041, 2016 WL 4169127, at *6-11 (5th Cir. Aug. 5, 2016) (en banc) (Jones, J., concurring) (citing cases).   The court realizes that the issue of whether the holding in *Johnson* extends to the Guidelines may be resolved when the Supreme Court decides *Beckles v. United States*, —— S. Ct. ——, No. 15-8544, 2016 WL

---

[5] *See United States v. Santiesteban–Hernandez*, 469 F.3d 376, 378, 381 (5th Cir. 2006), *abrogated on other grounds by United States v. Rodriguez*, 711 F.3d 541 (5th Cir.), *cert. denied*, —— U.S. ——, 134 S. Ct. 512 (2013); *United States v. Ortiz-Rojas*, 575 F. App'x 494, 495 (5th Cir. 2014) (per curiam) (reaching the same conclusion based on the reasoning in *Santiesteban–Hernandez*).

1029080 (U.S. June 27, 2016). Until then, the court is bound by Fifth Circuit precedent. Moreover, the Court in *Johnson* specifically held that its "decision does not call into question [the] application of the Act to the [Act's] four enumerated offenses." *Johnson*, 135 S. Ct. at 2563. From this, the court concludes that the enumerated offenses in the commentary to § 4B1.2 of the Guidelines are likewise unaffected by the holding in *Johnson*, and that Defendant's conviction for robbery in Case No. 29,984 under § 29.02 of the Texas Penal Code qualifies as a crime of violence under U.S.S.G. § 4B1.2. Because Defendant committed the offense in this case after sustaining one felony conviction for a "crime of violence," the PSR's assignment of a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4) is correct, and the court **overrules** Defendant's objection in this regard.

### B.     Violent Felony

A defendant convicted of being a felon in possession of a firearm is normally subject to a statutory maximum sentence of 10 years of imprisonment. 18 U.S.C. § 924(a)(2). Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g), who has three prior convictions for violent felonies or serious drug offenses occurring on different occasions, is considered an "armed career criminal" and must be sentenced to at least 15 years imprisonment. 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4(a). Section 924(e) of the ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B)(i)-(ii). As previously noted, the language "otherwise involves conduct that presents a serious potential risk of physical injury to another" is the "residual clause" of § 924(e) that was held to be unconstitutionally vague by the Supreme Court in *Johnson*. The parties agree that Fennell's three prior convictions for robbery and aggravated robbery are not included in the enumerated offenses listed in § 924(e)(2)(B)(ii) and must, therefore, qualify as violent felonies under § 924(e)(2)(B)(i) of the ACCA for the enhancement under U.S.S.G. § 4B1.4 to apply. The parties also agree that there is no Fifth Circuit or Supreme Court authority that has addressed the specific issue of whether the offense of robbery under Texas Penal Code 29.02 qualifies as a violent felony under § 924(e)(2)(B)(i).

During the first hearing, much attention was paid to Defendant's simple robbery conviction in Case No. 29,984 under Texas Penal Code 29.02 and whether it qualified as a violent felony under § 924(e)(2)(B)(i). The court tentatively concluded that it did not. After studying this issue extensively and reviewing the parties' supplemental briefs, the court concludes that neither of Defendant's simple robbery convictions under Texas Penal Code 29.02 qualifies as a violent felony under § 924(e)(2)(B)(i). After the Supreme Court's decision in *Johnson*, the court can longer rely on § 924(e)'s residual clause in determining whether Defendant's convictions qualify as violent felonies, and robbery is not included in § 924(e)'s list of enumerated offenses. Thus, the armed career criminal enhancement under section U.S.S.G. § 4B1.4 only applies if all three of Defendant's convictions qualify as violent felonies by satisfying the alternative requirement that they include as an element the "use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

In determining whether an offense is a violent felony because it has as an element the use, attempted use, or threatened use of physical force against the person of another, the court uses the

categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990).  Under that approach, the court examines the statutory definition and elements of the offense, not the defendant's conduct underlying the conviction.  *Id.*  When the statute of conviction is "divisible" or has disjunctive elements, the court may use a modified categorical approach and consider "a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, —— U.S. ——, 133 S. Ct. 2276, 2281 (2013). A divisible statute "lists multiple, alternative elements, and so effectively creates 'several different . . . crimes.'" *Id.* at 2285 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)).

As correctly noted by the Government, the Supreme Court in *Johnson I* explained that under the ACCA, "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140.  Thus, a robbery offense under section 29.02 of the Texas Penal Code satisfies § 924(e)'s definition of a violent felony only if a conviction for that offense could not be sustained without proof of the use, attempted use, or threatened use of "violent force—that is, force capable of causing physical pain or injury to another person." *Id.*  Under section 29.02, a person commits the offense of robbery "if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he" either: "(1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Pen. Code Ann. § 29.02(a)(1)-(2).  The parties dispute whether intentionally or knowingly threatening or placing another in fear of imminent bodily injury satisfies § 924(e)'s force requirement. The parties also appear to dispute whether the Texas robbery statute is divisible; however, even applying the categorical approach to the statutory language in § 29.02(a)(1), which requires more than threats, the court determines that it does not satisfy *Johnson I's* "violent force"

requirement for the same or similar reasons that the Fifth Circuit determined in *United States v. Villegas-Hernandez*, 468 F.3d 874 (5th Cir. 2006), that the Texas offense of assault under § 22.01(a)(1) of the Texas Penal Code does not constitute a "destructive or violent felony." *Id.* at 879.

In *Villegas-Hernandez*, the Fifth Circuit concluded that the Texas offense of assault under § 22.01(a)(1) of the Texas Penal Code does not constitute a crime of violence under 18 U.S.C. § 16 because it does not have as an element the use, attempted use, or threatened use of physical force against the person or property of another. *Id.* The elements of assault are substantially similar to those for robbery. A person commits assault under § 22.01(a) of the Texas Penal Code when he or she:

> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Tex. Pen. Code Ann. § 22.01(a).

The court in *Villegas-Hernandez* applied a categorical approach to determine whether the statutory definition of assault under § 22.01(a)(1) of the Texas Penal Code included use of force as an element based on its prior reasoning that the term "force" for purposes of "crime of violence" means "destructive or violent force."[6] *Id.* Under § 22.01(a)(1), a person commits assault when he or she "intentionally, knowingly, or recklessly causes bodily injury to another." The

---

[6] The Fifth Circuit uses the same analysis to determine whether an offense is a "violent felony" for purposes of the ACCA and whether an offense is a "crime of violence" for purposes of the Guidelines. *See United States v. Najera–Mendoza*, 683 F.3d 627, 631 & n.3 (5th Cir. 2012).

*Villegas-Hernandez* court explained that the bodily injury required by section 22.01(a)(1) is "physical pain, illness, or any impairment of physical condition" and concluded that "[s]uch injury could result from any of a number of acts, without use of 'destructive or violent force.'" *Id.* (quoting Tex. Pen. Code Ann. § 1.07(a)(8)). In addition, the *Villegas-Hernandez* court explained that the use of force is not an element of an offense "by virtue of its requirement of causation of serious bodily injury." *Id.* at 880 ("There is . . . a difference between a defendant's causation of an injury and the defendant's use of force. Consequently, Vargas-Duran's use of force was simply not a fact necessary to support his conviction for intoxication assault.") (quoting *United States v. Vargas-Duran*, 356 F.3d 598, 606 (5th Cir. 2004)). Because the bodily injury requirement for an assault offense under section 22.01(a)(1) does not necessarily require use of force and is not necessary to support a conviction for assault, the *Villegas-Hernandez* court concluded that assault does not include use of force as an element. *Villegas-Hernandez*, 468 F.3d at 885.

The same can be said of the Texas offense of simple robbery because the same definition of "bodily injury" applies to simple robbery, and neither this definition nor the statutory language for assault or robbery alludes to the use of force or makes force an implicit or explicit element of the crimes. *See id.* The focus instead is on bodily injury, which does not necessarily require the use of force. *Id.*; *see also Lane v. State*, 763 S.W.2d 785, 786-87 (Tex. Crim. App. 1989) (concluding that, for purposes of robbery, the "degree or character of the physical force exerted" by the defendant is irrelevant in determining whether the defendant inflicted bodily injury against another). The court also agrees with Defendant's argument that the addition of theft necessary for a robbery offense does not alter the analysis. Thus, the court concludes that a "bodily injury" robbery under § 29.02 of the Texas Penal Code cannot qualify as a "violent felony" under § 924(e)(2)(B)(i) for the same or similar reasons that the Texas offense of assault does not qualify as a "violent felony."

Moreover, the Texas Court of Criminal Appeals has recognized that the definition of bodily injury in the Texas Penal Code is "purposefully broad" and includes physical pain from even "relatively minor physical contacts so long as they constitute more than mere offensive touching." *See Lane v. State*, 763 S.W.2d 785, 786-87 (Tex. Crim. App. 1989). In *Lane*, a case involving robbery, the Court of Criminal Appeals reasoned that, as long as the "violence" that is perpetrated by the defendant against another in committing robbery is "for the purpose of . . . preventing or overcoming resistance to theft," the "degree or character of the physical force exerted" by the defendant is irrelevant in determining whether the defendant inflicted bodily injury against another. *Id.* at 786-87. Based on this reasoning, the court in *Lane* concluded that the defendant's grabbing a police decoy's wallet and twisting it out of her hands, and the resulting wrist bruise sustained by the victim during the struggle, was sufficient to satisfy the bodily injury, violence requirement for robbery. *Id.*

In reaching this conclusion, the court noted that it had previously held that even a "small bruise" sustained by a victim during a purse snatching was sufficient to elevate "mere purse snatching to robbery." *Id.* at 788 (quoting *Lewis v. State*, 530 S.W.2d 117 (Tex. Crim. App. 1975)) (internal quotation marks omitted). Because the Texas offense of robbery is broad enough to entail even the slightest use of force that results in relatively minor physical contacts and injuries, and the degree or character of the physical force exerted is irrelevant, the court concludes that it covers conduct that does not involve the type of "violent force" contemplated by the ACCA and § 924(e)(2)(B)(i). *See Johnson I*, 559 U.S. at 141-42 (reasoning that the word "violent" in 924(e)(2)(B) connotes a substantial degree of force" . . . When the adjective "violent" is attached to the noun "felony," its connotation of strong physical force is even clearer.").

As Fennell does not have at least three prior convictions that qualify as violent felonies under the ACCA, application of an enhancement under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 cannot stand. Accordingly, for all of these reasons, the court **sustains** Defendant's objection to the violent felony enhancement in the PSR under U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e).

## III.   Conclusion

For the reasons stated, the court **overrules** Defendant's objection to the base offense level assigned in the PSR and **sustains** Defendant's objection to the PSR's application of an enhancement under U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e). The court will use this opinion in determining the appropriate range of imprisonment under the Guidelines in sentencing Fennell.

**It is so ordered** this 25th day of August, 2016.

Sam A. Lindsay
United States District Judge