IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. **3:15-CR-443-L (01)** |
| | § | |
| **MICHAEL ANTHONY FENNELL** | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is the Government's Motion for Reconsideration ("Motion") (Doc. 48), filed

August 25, 2016.  After considering the Motion and the response filed by Defendant Michael

Anthony Fennell ("Fennell" or "Defendant"), the court **denies** the Government's Motion for

Reconsideration (Doc. 48).

The Government seeks reconsideration of the court's determination in its August 25, 2016

memorandum opinion and order (Doc. 46) that the Texas offense of robbery does not categorically

qualify as a "violent felony" under § 924(e)(2)(B)(i) of the Armed Career Criminal Act ("ACCA")

because it does not include as an element the use of "physical force" or "violent force" as those terms

are defined in *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson*"). The court also reasoned

that Texas's robbery statute is not a "violent felony" because it encompasses conduct that does not

involve the type of "violent force" contemplated by the ACCA and § 924(e)(2)(B)(i).  In sustaining

Defendant's objection to the ACCA enhancement, the court discussed *Johnson*; *United States v.*

*Villegas-Hernandez*, 468 F.3d 874 (5th Cir. 2006); and other cases in its August 25, 2016 opinion.

The Government contends in its Motion that the Fifth Circuit's 2006 opinion in *Villegas-*

*Hernandez* or the reasoning in that case was abrogated by the Supreme Court's opinions in *United*

*States v. Castleman*, 134 S. Ct. 1405 (2014), and *Voisine v. United States*, 136 S. Ct. 2272 (June 27,

2016).  The Government asserts that the Supreme Court in *Castleman* and *Voisine* held that

causation of bodily injury qualifies as use of force, and the same result should follow in this case. According to the Government, the Supreme Court in *Castleman* rejected the reasoning that mirrors the Fifth Circuit's reasoning in *Villegas-Hernandez*. The Government, therefore, asserts that "[t]he Fifth Circuit's reasoning for distinguishing between statutes that require force and those that require causation of bodily injury cannot persist after *Castleman*. Indeed, the very same rationale underlying cases such as *Villegas-Hernandez* was squarely rejected by *Castleman*." Government's Mot. 3. During the August 25, 2016 hearing, the Government similarly argued that the Supreme Court's expanded definition of "physical force" in *Castleman* and *Voisine* as including minor and reckless uses of force calls into doubt *Johnson* to the extent it defined "physical force" to require "violent force." Thus, the Government contends that, although the Texas robbery statute defines robbery in terms of "bodily injury" rather than force, *Castleman* and *Voisine* dictate the conclusion that the robbery offense involves the use or threatened use of physical force as an element and, therefore, qualifies as a "violent felony" under the ACCA.

On August 29, 2016, Fennell filed a response in opposition to the Motion (Doc. 51). In his response to the Motion, Fennell contends that: (1) the Government waived the arguments in its Motion by not raising them timely; (2) *Castleman* did not overrule *Villegas-Hernandez* or the Fifth Circuit's precedent defining "use of physical force" for purposes of the ACCA; (3) the Motion ignores the court's reasoning based on *Johnson*; and the rule of lenity weighs against the Government's expansive interpretation of the ACCA as including Texas's robbery statute.

The court does not understand why the new argument raised by the Government for the first time during the August 25, 2016 sentencing hearing and in its Motion could not have been presented in accordance with the briefing schedule set by the court. The court gave the parties ample

opportunity to brief their respective positions regarding the issues relevant to Fennell's sentencing in this case.  The court also heard extensive arguments by the parties during the first sentencing hearing before continuing it and allowed the parties to submit supplemental briefs.  All told, the parties submitted more than one hundred pages of briefing and exhibits, of which at least 78 pages was filed by the Government.  The parties' original and supplemental briefs discussed the Fifth Circuit's opinion in *Villegas-Hernandez* at length without any mention of *Castleman* or *Voisine*.  It was not until after the court spent considerable time reviewing all of the parties' submissions and issued its opinion (Doc. 46) that the Government argued for the first time that *Castleman* and *Voisine* were dispositive of the ACCA enhancement issue before the court.  During the last hearing, the Government referred to *Castleman* and *Voisine* as "recent authority" but has not explained why its arguments based on the March 26, 2014 opinion in *Castleman* and the June 27, 2016 opinion in *Voisine* could not have been raised by the July 22, 2016 deadline set by the court for supplemental briefing in this case.

Moreover, the Government's reliance on *Castleman* and *Voisine* is misplaced.  The essence of the Government's Motion is that the Supreme Court in *Castleman* and *Voisine* expanded the definition of "force" to include lesser conduct that intentionally, knowingly, or recklessly causes bodily injury without using "violent force."  *Castleman* and *Voisine*, however, did not deal with the issue of whether a state conviction constituted a "violent felony" under § 924(e)(2)(B)(i) of the ACCA.  They instead dealt with whether the defendants' prior convictions under state law qualified as a "misdemeanor crime of domestic violence" as that term is used in 18 U.S.C. § 922(g)(9).  The Government correctly notes that *Castleman* involved a Tennessee statute that is worded similarly to Texas's robbery statute.  The Supreme Court in *Castleman* also acknowledged, as did the Sixth Circuit, that § 921(a)(33)(A)'s definition of "misdemeanor crime of domestic violence" is similar

to the definition of "violent felony" in § 924(e)(2)(B)(i) under the ACCA in that it "has, as an

element, the use or attempted use of physical force." *Castleman*, 134 S. Ct. at 1410.

Notwithstanding the similarities between § 924(e)(2)(B)(i) and § 921(a)(33)(A), the Supreme

Court in *Castleman* rejected the Sixth Circuit's application of *Johnson's*[*] definition of "physical

force" in the "misdemeanor crime of violence" context. *Id.* at 1409-10.  In doing so, the Court did

not abrogate *Johnson* or call into doubt its definition of "physical force" under the ACCA as

requiring "violent force."  The *Castleman* court instead determined that it did not make sense to

apply the ACCA's definition of "physical force" or "violent force" in the domestic abuse context:

> In *Johnson*, we considered whether a battery conviction was a "violent felony" under
> the [ACCA], § 924(e)(1).  As here, ACCA defines such a crime as one that "has as
> an element the use . . . of physical force," § 924(e)(2)(B)(i). . . .We declined to read
> the common-law meaning of "force" into ACCA's definition of a "violent felony,"
> because we found it a "comical misfit with the defined term."  In defining a "'violent
> felony'" [in *Johnson*] we held, "the phrase 'physical force'" must "mea[n] violent
> force." But here, the common-law meaning of "force" fits perfectly: The very reasons
> we gave for rejecting that meaning in defining a "violent felony" are reasons to
> embrace it in defining a "misdemeanor crime of domestic violence."
>
> First, because perpetrators of domestic violence are "routinely prosecuted
> under generally applicable assault or battery laws, it makes sense for Congress to
> have classified as a "misdemeanor crime of domestic violence" the type of conduct
> that supports a common-law battery conviction. Whereas it was "unlikely" that
> Congress meant to incorporate in the definition of a "'violent felony' a phrase that
> the common law gave peculiar meaning only in its definition of a misdemeanor," it
> is likely that Congress meant to incorporate that misdemeanor-specific meaning of
> "force" in defining a "misdemeanor crime of domestic violence."
>
> Second, whereas the word "violent" or "violence" standing alone "connotes
> a substantial degree of force," that is not true of "domestic violence." "Domestic
> violence" is not merely a type of "violence"; it is a term of art encompassing acts that
> one might not characterize as "violent" in a nondomestic context.

---

[*] In *Johnson*, the Supreme Court held that for purposes of the ACCA, § 924(e)(2)(B)(i) requires "violent force." *Johnson*, 559 U.S. at 140, 141-41 (holding that "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person" and reasoning that mere offensive touching is not sufficient.).

**Memorandum Opinion and Order – Page 4**

Minor uses of force may not constitute "violence" in the generic sense. For example, in an opinion that we cited with approval in *Johnson*, the Seventh Circuit noted that it was "hard to describe . . . as 'violence'" "a squeeze of the arm [that] causes a bruise." But an act of this nature is easy to describe as "domestic violence," when the accumulation of such acts over time can subject one intimate partner to the other's control. If a seemingly minor act like this draws the attention of authorities and leads to a successful prosecution for a misdemeanor offense, it does not offend common sense or the English language to characterize the resulting conviction as a "misdemeanor crime of domestic violence."

A third reason for distinguishing *Johnson's* definition of "physical force" is that unlike in *Johnson*—where a determination that the defendant's crime was a "violent felony" would have classified him as an "armed career criminal"—the statute here groups those convicted of "misdemeanor crimes of domestic violence" with others whose conduct does not warrant such a designation.

Whereas we have hesitated (as in *Johnson*) to apply the Armed Career Criminal Act to "crimes which, though dangerous, are not typically committed by those whom one normally labels 'armed career criminals,'" we see no anomaly in grouping domestic abusers convicted of generic assault or battery offenses together with the others whom § 922(g) disqualifies from gun ownership.

*Id.* at 1410-12 (citations and footnotes omitted).  Based on this distinction, the Court in *Castleman*

held that, unlike § 924(e)(2)(B)(i), the physical force requirement in § 921(a)(33)(A)(ii) could be

satisfied by "offensive touching."  *Id.* at 1410.  In this regard, *Castleman* clarified as follows:

The Courts of Appeals have generally held that mere offensive touching cannot constitute the "physical force" necessary to a "crime of violence," just as we held in *Johnson* that it could not constitute the "physical force" necessary to a "violent felony." Nothing in today's opinion casts doubt on these holdings, because—as we explain—"domestic violence" encompasses a range of force broader than that which constitutes "violence" *simpliciter*.

*Castleman*, 134 S. Ct. at 1412 n.4 (citation omitted). The holding in *Voisine* is similarly confined

to "physical force" in the "misdemeanor crime of domestic violence" context.

Contrary to the Government's assertion, the Supreme Court in *Castleman* and *Voisine* did

not "squarely reject" the reasoning in *Villegas-Hernandez* or *Johnson*; nor did it implicitly resolve

the issue of whether "bodily injury" for purposes of the ACCA requires "violent force" under

*Johnson's* definition of that phrase.  The majority opinion in *Castleman* expressly declined to decide this issue.  *See Castleman*, 134 S. Ct. at 1414 ("Justice SCALIA's concurrence suggests that [bodily injury] necessitate[s] violent force, under *Johnson's* definition of that phrase. But whether or not that is so—*a question we do not decide*—these forms of injury do necessitate force in the common-law sense.")  (emphasis added and citation omitted); *see also id.* at 1413 ("Whether or not the causation of bodily injury necessarily entails violent force—*a question we do not reach*—mere offensive touching does not.") (citing *Johnson*, 559 U.S. at 139-140).  The court, therefore, disagrees that the Supreme Court's holding in *Castlemen* reaches as far as the Government contends.

The court recognizes that the law surrounding the ACCA's application, particularly with respect to the force clause of the statute, has been in a state of flux since the Supreme Court issued its opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *Castleman* and *Voisine*, however, are not dispositive of the ACCA enhancement issue in this case, and the cases cited by the Government out of the Second, Eighth, and Ninth Circuits that rely upon *Castleman* are quite beside the point.  The Supreme Court may ultimately arrive at the conclusion that the Government advocates; however, that plane has yet to land.

Accordingly, for the reasons set forth in this order, as well those in Defendant's response, the court **denies** the Government's Motion for Reconsideration (Doc. 48).

 **It is so ordered** this 8th day of September, 2016.


Sam A. Lindsay
United States District Judge




**Memorandum Opinion and Order – Page 6**